# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DAVID N.,

               Claimant,

        v.

FRANK J. BISIGNANO,
Commissioner of Social Security,

               Respondent.

No. 23 C 1819

Magistrate Judge Jeffrey T. Gilbert

## MEMORANDUM OPINION AND ORDER

David N.[1] ("Claimant") seeks judicial review of the final decision of the Commissioner of Social Security[2] ("Commissioner"), denying his application for a period of disability and disability insurance benefits. The parties consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). [ECF No. 5]. Claimant filed a Brief in Support of Reversing the Decision of the Commissioner of Social Security [ECF No. 11], and the Commissioner filed a Motion for Summary Judgment [ECF No. 19]. After reviewing the record and the parties' briefs, Claimant's Brief in Support of Reversing the Decision of the Commissioner of Social Security [ECF No. 11] is denied, and the

---

[1] In accordance with Northern District of Illinois Local Rule 8.1, the Court refers to Claimant only by her first name and the first initial of her last name.

[2] Frank J. Bisignano was confirmed as the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the named defendant in this case.

Commissioner's Motion for Summary Judgment [ECF No. 19] is granted. The decision of the Commissioner is affirmed.

## BACKGROUND

### I.  Procedural History

On December 29, 2020, Claimant protectively filed an application for a period of disability and disability insurance benefits, alleging a disability beginning April 26, 2018. (R.13). His application was denied initially and on reconsideration after which Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (R.13). The ALJ held a telephonic hearing on June 9, 2022, and all parties participated in the hearing by telephone. Claimant testified at the hearing and was represented by counsel, and a vocational expert also testified. (R.13). On July 22, 2022, the ALJ denied Claimant's application for disability insurance benefits, finding he was not disabled under the Social Security Act prior to his date last insured which was June 30, 2018. (R.17-28). The Appeals Council denied Claimant's request for review, leaving the ALJ's decision as the final decision of the Commissioner. Claimant then filed this lawsuit seeking judicial review of the Commissioner's decision, and this Court has jurisdiction pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### II. The ALJ's Decision

Under the Social Security Act, disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42

2

U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform any past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and the burden shifts to the Commissioner at step five. *Gedatus v. Saul,* 994 F.3d 893, 898 (7th Cir. 2021); *Wilder v. Kijakazi,* 22 F.4th 644 (7th Cir. 2022). A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

Applying the five-part test in this case, the ALJ found at step one that Claimant had not engaged in substantial gainful activity since April 26, 2018, the alleged disability onset date. (R.16). At step two, the ALJ found Claimant had the following severe impairments: degenerative joint disease of the bilateral hips, degenerative disc disease of the lumbar spine, and degenerative joint disease of the knee. (R.16). At step three, the ALJ found that Claimant did not have any impairment or combination of impairments that met or equaled the severity of any listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. (R.16). Before step

four, the ALJ determined: "[C]laimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except he could frequently climb and stoop, and occasionally kneel, crouch, and crawl." (R.17). At step four, the ALJ found that Claimant was able to perform his past relevant work as a painter and maintenance worker clerk. (R.24). Based on these findings, the ALJ concluded Claimant was not disabled prior to June 30, 2018. (R.26).

## STANDARD OF REVIEW

Section 405(g) of the Social Security Act provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision, therefore, is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standard in reaching her decision. *See Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is ... 'more than a mere scintilla.' ... It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) (citations omitted). More specifically, the Seventh Circuit stated:

> All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is "sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." … At times, we have put this in the shorthand terms of saying an ALJ needs to provide a "logical bridge from the evidence to his conclusion."

*Id.* at 1054 (citations omitted). When conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990); *see also Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the court must defer to the Commissioner's resolution of that conflict.") (internal quotations and citation omitted). The court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007); *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported") (internal quotations and citation omitted).

## ANALYSIS

Claimant argues the ALJ's decision cannot stand in this case because: (1) the ALJ violated Social Security Ruling ("SSR") 96-8p when she assessed Claimant's RFC and filled an "evidentiary deficit" with her own unqualified lay opinion; and (2) the ALJ erroneously discounted Claimant's subjective symptoms and improperly speculated about the extent of his activities of daily living. *See generally* Claimant's Brief [ECF No.11], at 5-12. In response, the Commissioner asserts that the ALJ reasonably assessed the scant record evidence in this case and sufficiently explained why she concluded that Claimant did not carry his burden to show he was disabled as of his date last insured. *See generally* Commissioner's Memorandum in Support of Motion for Summary Judgment [ECF No. 20], at 3-13. For the reasons discussed below, the Court agrees with the Commissioner.

As a threshold matter, the Court notes that this case involves a narrow period of time—just over two months—in which the ALJ had to determine whether Claimant was disabled between April 26, 2018, the date he alleged his disability began, and June 30, 2018, the date he was last insured for disability benefits. (R.16, 26). To receive disability insurance benefits, Claimant must show that he had become disabled by his date last insured. *See* 20 C.F.R. § 404.315(a)(1) (requiring claimants seeking disability benefits to be insured for disability); *Liskowitz v. Astrue*, 559 F.3d 736, 740 (7th Cir. 2009) ("[A] claimant must show that the disability arose while he or she was insured for benefits.").

## I. The ALJ Reasonably Assessed Claimant's Alleged Impairments in Conjunction with the Record Evidence When Determining His RFC

Claimant first argues the ALJ's RFC assessment is not supported by substantial evidence because she did not rely on any medical opinion to evaluate Claimant's RFC and essentially "played doctor" when she determined that he could perform medium work despite the combined impact of severe hip, lumbar spine, and knee conditions. Claimant's Brief [ECF No. 11], at 5-8. Claimant contends the ALJ created an evidentiary deficit when she discounted the opinions of the State Agency doctors—the only medical opinions in the record—and erred by relying on her "own lay opinion" when she assessed Claimant's functional limitations and did not seek any expert medical opinion. Claimant's Brief [ECF No. 11], at 7. Claimant also argues that the ALJ did not adequately support her conclusion that Claimant could sustain work at the medium exertional level, with frequent climbing and stooping, and occasional kneeling, crouching, and crawling. *Id.* The Court is not persuaded by Claimant's arguments.

The RFC is the "assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Regulation ("SSR") 96-8p, 1996 WL 374184, at *1 (July 2, 1996); *Mandrell v. Kijakazi,* 25 F.4th 514, 516 (7th Cir. 2022); *Jeske v. Saul,* 955 F.3d 583, 593 (7th Cir. 2020). The RFC is a determination of the maximum work-related activities a claimant can perform despite his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000-01 (7th Cir. 2004). Social Security regulations

require that the RFC assessment must incorporate all of a claimant's limitations that are supported by the medical record. *Id.* at 1001; *see also* 20 C.F.R § 404.1545(a)(1). When assessing the RFC, the ALJ must point to specific evidence and explain how it led to her conclusions. *See Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011); SSR 96-8p.

The law, however, does not require an ALJ to rely on or adopt a medical opinion when making an RFC assessment. *See Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007) ("An ALJ must consider the entire record, but the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions of the claimant's physicians."). This is because the RFC determination "is a legal – and not a medical – decision that is exclusively within the ALJ's authority to make." *Michael B. v. Berryhill*, 2019 WL 2269962, at *6 (N.D. Ill. May 28, 2019).[3] The law requires the ALJ to weigh the record evidence and draw appropriate inferences from the record evidence to carry out her function as factfinder. *See Seamon v. Astrue*, 364 F. App'x 243, 247 (7th Cir. 2010) ("The ALJ, however, is not only allowed to, but indeed must, weigh the evidence and make appropriate inferences from the record."). "[T]he critical question is not whether the ALJ's RFC conclusions match a medical expert's opinion item-by-item but whether substantial evidence supports what the ALJ ultimately concluded about the claimant's RFC." *Michael B.*, 2019 WL 2269962, at *6. And the

---

[3] *See also Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014) ("[T]he determination of a claimant's RFC is a matter for the ALJ alone – not a treating or examining doctor – to decide."); *Lawrence P. v. Saul*, 2019 WL 3554451, *4 (N.D. Ill. Aug. 5, 2019) (stating that the final responsibility for determining a claimant's RFC is a legal conclusion reserved to the Commissioner).

ALJ's explanation "must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations" (*Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021)), and she must build a logical bridge from the evidence to her conclusions. *See Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015).

Here, the ALJ summarized Claimant's hearing testimony and the limited medical records he submitted and then discussed the minimal treatment he received. (R.17-22). The ALJ explicitly noted, among other things, that "[t]here is a gap in documentation of treatment for any condition between October 2014 and April 2018." (R.20). Consistent with the lack of medical records, both non-examining State Agency doctors concluded there was insufficient evidence to establish any medically determinable impairment prior to Claimant's date last insured. (R.85, 93). The ALJ found those opinions "not persuasive." (R.23). The ALJ, however, did not reject any medical opinion evidence relating to Claimant's alleged impairments or functional limitations; there was no opinion evidence to consider. She simply disagreed with the State Agency doctors that there was not enough evidence in the record for her as the factfinder to evaluate the evidence that was in the record in conjunction with Claimant's testimony to make an RFC determination.

In finding "there is sufficient evidence to evaluate the impairments[,]" the ALJ explained:

> [T]he medical evidence fails to reveal any significant findings to indicate any greater limitations than those provided in the residual functional capacity. The undersigned recognizes that the claimant's severe impairments are degenerative conditions that could have worsened between 2014 and 2018. However, he performed medium work during a period from 2014 to 2016 when he said he had significant cardiac

symptoms and pain. The claimant also received no treatment for hip or back pain between his April 26, 2018 emergency room visit, when his pain was exacerbated by heavy exertion (lifting furniture), and November 2018 despite being referred to an orthopedic surgeon and his primary care provider following discharge from the emergency room. The claimant also acknowledged that he had medical insurance coverage during this period, thus he could have sought treatment if his symptoms were as debilitating as he alleges. The claimant did testify that his condition worsened after 2018 despite treatment. However, if he got worse after 2018, this indicates that during the period at issue he had more functional capacity and less symptoms than he now alleges. Moreover, the medical evidence shows that the claimant reported a number of activities after the date last insured that are inconsistent with allegations of severely limited functional capacity. While the claimant testified that he had to recline and lie down much of the time, the medical evidence shows that even after June 2018, when he was last insured, he was able to rehab houses, do "lots of projects around the house" he had recently bought, work in the yard, and try to paint at home in June 2019. Nonetheless, the residual functional capacity incorporates the claimant's alleged limitations that are reasonably supported by the evidence. The claimant's complaints of right knee and lower back pain were considered in reducing him to medium work with additional postural limitations.

(R.23). In the Court's view, the ALJ did exactly what she was supposed to do; she weighed the limited medical evidence, considered Claimant's testimony, and drew reasonable inferences from the record to carry out her function as factfinder and crafted Claimant's RFC based on the record evidence. *See Seamon v. Astrue*, 364 F. App'x 243, 247 (7th Cir. 2010) ("The ALJ, however, is not only allowed to, but indeed must, weigh the evidence and make appropriate inferences from the record.").

The Court cannot say the ALJ's evaluation and her conclusions are not reasonable or that she did not build a logical bridge between the record evidence and her conclusions. The Court agrees with the Commissioner that this is an unusual case in which the only doctors to offer opinions in this case are the State Agency doctors who concluded that there was insufficient evidence in the record for them to offer any

opinion that Claimant had any impairments during the very narrow period at issue much less than any functional limitations flowing from his alleged impairments. Importantly, an ALJ is not required rely on a medical opinion when assessing a claimant's RFC; nor is an ALJ required to obtain an medical expert opinion as Claimant contends. The law is clear that "an ALJ must consider the entire record" and "is not required to rely entirely on a particular physician's opinion or choose between the opinions of the claimant's physicians." *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007); *Fanta v. Saul*, 848 F. App'x 655, 658 (7th Cir. 2021).

The ALJ specifically addressed Claimant's 2014 medical records and explained that they were remote in time (R.22), and the Court notes there is not any evidence in the record that any of Claimant's treating physicians at the time found that Claimant had any work-related limitations. The ALJ also considered that, despite having access to care, Claimant did not seek any medical treatment for his purportedly disabling back pain for almost four years. (R.22-23).

The ALJ also discussed the more recent medical records from April 26, 2018 when Claimant went to an emergency room due to left groin pain which potentially occurred as a result of him lifting heavy furniture. (R.21). The ALJ noted that although Claimant had left groin pain, there was no acute distress and no tenderness in Claimant's back. (R.21). The ALJ, however, did acknowledge a CT scan revealed "severe degenerative changes in the right hip joint," but on discharge, the records show that Claimant "displayed a steady gait" and only took Advil for pain. (R.21). The ALJ noted that Claimant "was diagnosed with left groin and left hip pain[] and was

advised to follow-up with an orthopedic surgeon and primary care provide in the next several days[,]" but the record shows that Claimant did not receive medical care again until November 26, 2018, which was five months after his date last insured. (R.21). The ALJ discussed some of the records after November 2018 and ultimately concluded:

> The claimant testified that his condition worsened after the treatment he received after 2018. I note, however, that the medical evidence in the record shows that even after the date last insured he was engaged in activities that indicate his symptoms were not as severe or limiting as his testimony would suggest. Those records reference activities including doing "a lot of projects around the house", rehabilitating houses, working in the yard, and painting. On December 17, 2018, the claimant reported that he worked rehabilitating houses (Exhibit 2F/160). While he complained of pain in the left groin since December 2017 and reported difficulty walking, he acknowledged that he took Advil and was able to work through the pain. On January 14, 2019, the claimant also reported that he had recently bought a house and was doing a lot of projects around the house (Exhibit 2F/152). On June 6, 2019, the claimant reported that he was working in the yard (Exhibit 2F/101). The claimant's ability to perform these activities, after the date last insured, when he alleged that his condition had worsened, supports a finding that he was able to perform medium exertion during the period at issue.

(R.22).

In the Court's view, the record includes enough evidence to support the ALJ's conclusions, and the ALJ explained how she evaluated that evidence. Claimant has not identified any missing evidence that would render the record incomplete. "Mere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand." *Binion v. Shalala*, 13 F.3d 243, 246 (7th Cir. 1994). Notwithstanding the limited medical evidence in the record, the ALJ included several restrictions in the RFC based on Claimant's testimony, limited him

12

to work at the medium exertional level, and included additional restrictions for only frequent climbing and stooping, and only occasional kneeling, crouching, and crawling. (R.17).

The law is well-settled that it is a claimant's burden to submit medical evidence to prove his disability. *See Young v. Barnhart,* 362 F.3d 995, 1000 (7th Cir. 2004) (recognizing that the claimant has the burden in steps one through four); 20 C.F.R. § 404.1512(a)(1).[4] When a claimant is represented by counsel at the administrative hearing, the Seventh Circuit permits the ALJ to assume the claimant is making his strongest case for benefits. *See Wilkins v. Barnhart,* 69 F. App'x 775, 781 (7th Cir. 2003); *see also Skinner v. Astrue,* 478 F.3d 836, 844 (7th Cir. 2007) (holding that a claimant bears the burden to introduce objective evidence that an ALJ should have developed the record further particularly when a claimant is represented by counsel). To the extent that Claimant is arguing the ALJ should have issued medical interrogatories or engaged a medical expert, the Court disagrees. An ALJ's decision whether to consult a medical expert is discretionary, and an ALJ is not required to consult a medical expert when the record is adequate to render a decision. *See* 20

---

[4] *See* 20 C.F.R. § 404.1512(c) ( "You must provide medical evidence showing that you have an impairment and how severe it is during the time you say that you were disabled."); *see also Eichstadt v. Astrue*, 534 F.3d 663, 668 (7th Cir. 2008) ("The claimant bears the burden of producing medical evidence that supports her claims of disability. That means that the claimant bears the risk of uncertainty ...."); *Scheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004) ("It is axiomatic that the claimant bears the burden of supplying adequate records and evidence to prove the claim of disability.");; *Davenport v. Berryhill*, 721 F. App'x 524, 527 (7th Cir. 2018) (holding that the claimant bears the burden of establishing the existence of a severe impairment through medical records); *Olsen v. Colvin*, 551 F. App'x 868, 875 (7th Cir. 2014) ("It was [claimant]'s burden to present medical evidence supporting h[is] claim of disability.").

C.F.R. § 404.1527(e)(2)(iii) (stating that an ALJ may, but is not required to, seek the opinion of a medical expert); *Skarbek v. Barnhart,* 390 F.3d 500, 504 (7th Cir. 2004). The Court is unwilling to find that the ALJ should have consulted a medical expert in this case, a request that was never made to the ALJ at the hearing. *See Halsell v. Astrue*, 357 Fed. App'x 717, 723 (7th Cir. 2009) ("[T]he ALJ was permitted to assume that [the claimant], who has always been represented by counsel, was 'making the strongest case for benefits,' so it was not improper for her to draw a negative inference from the fact that no treating physician opined that [the claimant] is disabled.").

The Court is not persuaded the ALJ committed any error when making her RFC determination on the record in this case and finds that the ALJ provided sufficient explanation why she did not find Claimant was disabled during the less than three-month period at issue. The ALJ reviewed the entire record and found that the objective medical evidence did not support Claimant's allegations of disability, and Claimant does not point to any evidence the ALJ did not consider. Ultimately, this is a case in which the ALJ found that the evidence Claimant submitted did not support his claims that he was disabled prior to his date last insured, and this Court cannot, under applicable law, reconsider that conclusion. There simply is very little medical evidence in the record in the four years prior to June 30, 2018, Claimant's date last insured, and certainly not enough evidence sufficient to show that Claimant became disabled just over two months prior to that date.

For all of these reasons, the Court finds the ALJ's RFC assessment is supported by substantial evidence, and remand is not required.

14

**II. The ALJ Reasonably Assessed Claimant's Subjective Symptoms**

Next, Claimant argues that the ALJ's subjective symptom analysis violated Social Security Regulation 16-3p and that the ALJ erred when she speculated about the extent of Claimant's activities of daily living when discounting his subjective symptoms. Claimant's Brief [ECF No. 11], at 10-12. The Court again is not persuaded by Claimant's arguments.

When evaluating a claimant's subjective symptom allegations, an ALJ considers several factors, including the objective medical evidence, the claimant's daily activities, his level of pain or symptoms, aggravating factors, medication, course of treatment, and functional limitations. 20 C.F.R. § 404.1529(c); SSR 16-3p, 2017 WL 5180304, at *5-8. "As long as an ALJ gives specific reasons supported by the record, [the Court] will not overturn a credibility determination unless it is patently wrong." *Grotts v. Kijakazi*, 27 F.4th 1273, 1279 (7th Cir. 2022). "Patently wrong" means that the decision lacks any explanation or support. *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). Not all the ALJ's reasons must be valid in a subjective symptom analysis, "as long as *enough* of them are." *Halsell v. Astrue*, 357 F. App'x 717, 722 (7th Cir. 2009) (emphasis in original).

When evaluating Claimant's subjective symptoms, including his pain and activities of daily living, the ALJ stated:

> [T]he claimant's characterization of his pain and the extent to which it limited him during the period at issue is generally inconsistent with the medical evidence contained in the record. Furthermore, throughout the period at issue, and even after the date last insured, the claimant was able to engage in several activities of daily living. After the date last insured, the claimant reported that he was working rehabilitating

15

> houses and able to work through his pain. He also reported doing a lot
> of projects around the house, working in the yard, and trying to paint.
> While no one factor cited above is dispositive, and each perhaps on its
> own does not establish anything conclusively, the totality of the facts
> and circumstances cited above made it difficult to rely heavily on the
> claimant's subjective complaints. Consequently, the undersigned relied
> greatly on the available objective medical evidence of record and the
> persuasive medical opinion statements.

(R.17-18). As cited above, it is well-settled law that the court must give special
deference to the ALJ's credibility finding, and that finding will be overturned only if
it is "patently wrong." *Grotts*, 27 F.4th at 1279. This is a high burden to overcome,
and in the Court's view, Claimant has not met his burden in this case.

As an initial matter, the Court notes there is an internal inconsistency in the
ALJ's opinion (although Claimant does not make this argument) when the ALJ stated
at one point in her opinion that she relied on objective medical evidence and "the
persuasive medical opinion statements" when she assessed Claimant's subjective
complaints (R.18), but then later in the opinion, the ALJ found that "the opinion of
the State agency at both levels of review is not persuasive" (R.23). The State Agency
doctors, however, did not provide any opinion that medically evaluated Claimant's
impairments and/or limitations, but rather they simply concluded "there is
insufficient evidence to establish a medically determinable impairment prior to the
date last insured." (R.23). In other words, the State Agency doctors concluded there
was not enough evidence in the record for them to find that Claimant had any
"medically determinable" impairments during the period at issue. (R.23). The ALJ
disagreed with the State Agency doctors to the extent that she concluded there was
enough in the record for her to determine his RFC. (R.23).

16

Considering the totality of the ALJ's decision and the record evidence, the ALJ and State Agency doctors fundamentally agreed that the record evidence did not support a finding Claimant had any disabling impairments prior to his date last inured. There is no dispute that there are no medical opinion statements in this record, let alone any that the ALJ found persuasive. The ALJ's statement that she relied on "persuasive medical opinion statements" is clearly not accurate, but in the Court's view, it is either an inadvertent mistake or error of articulation which the Court finds is harmless.[5] When looking at the ALJ's opinion as a whole, the Court is clear as to the reasons why the ALJ was not persuaded by Claimant's subjective complaints and also is convinced that the ALJ would come to the same decision if the case were remanded. *See Fisher v. Bowen,* 869 F.2d 1055, 1057 (7th Cir. 1989) (holding that "[n]o principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result"). Therefore, remand on this harmless error is not warranted.

The law is also clear that "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability… ."). 42 U.S.C. § 423(d)(5)(A); *see also* 20 C.F.R. § 404.1529(a) ("[S]tatements about your pain or other

---

[5] The harmless error standard is "not ... an exercise in rationalizing the ALJ's decision and substituting our own hypothetical explanations for the ALJ's inadequate articulation." *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011). Rather, it asks the court to consider a prospective question—whether it can "say with great confidence what the ALJ would do on remand." *Id.* If the court is convinced that on remand the ALJ would come to the same decision, then the error is harmless. *Hill v. Colvin*, 807 F.3d 862, 869 (7th Cir. 2015).

symptoms will not alone establish that you are disabled."). And the court is required to give deference to an ALJ's findings regarding a claimant's subjective complaints. *See, e.g.*, *Summers*, 864 F.3d at 528 ("We give the ALJ's credibility finding 'special deference' and will overturn it only if it is 'patently wrong.'") (quoting *Eichstadt v. Astrue*, 534 F.3d 663, 667-68 (7th Cir. 2008)); *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009) ("We review the ALJ's decision directly, but we play an 'extremely limited' role.") (citation omitted).

In this case, the ALJ acknowledged that Claimant testified that he "took pain medication and spent most of his days lying on his couch with pillows under his legs" during the relevant time period. (R.18). But later in her decision, the ALJ also pointed out that, after June 2018 when Claimant was last insured, the record showed he was able to rehab houses, do projects around his house, work in the yard, and try to paint which conflicted with his testimony "that he had to recline and lie down much of the time." (R.23). The Seventh Circuit consistently has recognized that discrepancies between a claimant's testimony about his limitations and the medical record can support an ALJ's decision to assign the claimant's testimony reduced weight. *See Pepper v. Colvin*, 712 F.3d 351, 368-69 (7th Cir. 2013); *Jones v. Astrue*, 623 F.3d 1155, 1161 (7th Cir. 2010); *Schmidt v. Astrue*, 496 F.3d 833, 844 (7th Cir. 2007); Sienkiewicz v. Barnhart, 409 F.3d 798, 804 (7th Cir. 2005). The Court finds that the ALJ's explanation here is sufficient to "minimally articulate" her reasoning for discounting Claimant's allegations.

Claimant also contends that the ALJ speculated about Claimant's abilities because she did not cite to any evidence reflecting how often Claimant engaged in these activities or how long he performed them at any one time. Claimant's Brief [ECF No. 11], at 11. The ALJ, however, noted that, despite Claimant's allegations of disabling limitations preceding his date last insured, the record shows that he had not sought any medical treatment between October 2014 and April 26, 2018, the date he alleged his disability began in this case. (R.18). The ALJ reasoned that this large gap in treatment did not make sense given Claimant's admission that he had had medical insurance for this entire period. (R.18). The ALJ also noted that Claimant's own statements to his doctors suggested greater functioning than he alleged, and she specifically cited to his statements that he performed significant activities during the adjudicated period, including rehabilitating houses, doing a lot of projects around the house, working in the yard, and trying to paint. (R.18, 537, 588, 596). The ALJ particularly noted that Claimant admitted he was able to do the rehab work despite the pain that he alleged. (R.18). For these reasons, the ALJ concluded that Claimant's activities were inconsistent with his "allegations of severely limited functional capacity." (R.23).

The Court cannot say the ALJ's conclusion was not reasonable or that it is patently wrong on this record; nor can the Court conclude that the ALJ's decision lacks any explanation or support. As discussed above, the ALJ cited Claimant's limited medical record, his lack of treatment prior to the date last insured, and his reported activities documented in the record notwithstanding the pain he alleged. In

the Court's view, these reasons more than minimally support the ALJ's decision not to fully credit Claimant's subjective complaints and find that he is capable of a restricted range of medium work despite his pain and other subjective complaints. *See Ray v. Saul*, 861 F. App'x 102, 107 (7th Cir. 2021) ("Because the ALJ's weighing of [claimant's] reported symptoms in the context of the whole record is supported by substantial evidence, we find no reversible error on this front either.").[6]

Even if this Court would have evaluated some of the evidence differently, the Court is not permitted to second guess the ALJ's conclusions or reweigh the evidence. *Grotts*, 27 F.4th at 1279 ("When [the claimant] criticizes the ALJ's analysis of her daily functioning, her good and bad days, and her pain, she is ... inviting us to reweigh the evidence."). In the Court's view, the ALJ sufficiently articulated her reasoning, and there is enough evidence in the record on which the ALJ relied to support her conclusion that Claimant's symptoms were not as limiting as he alleged. Although Claimant disagrees with the ALJ's assessment and wants the evidence to be weighed differently, he has not shown that the ALJ's evaluation of his subjective symptoms is patently wrong. Therefore, remand is not warranted on this basis.

---

[6] *See also Prill v. Kijakazi*, 23 F.4th 738, 750 (7th Cir. 2022) ("Substantial evidence supports the ALJ's determination that Prill's account of her subjective symptoms was not consistent with her medical records."); *Schrank v. Saul*, 843 F. App'x 786, 789 (7th Cir. 2021) ("[T]he ALJ's credibility determination was not 'patently wrong,' because she found [claimant] not credible for several reasons that were adequately supported by the record.") (citation omitted); *Lacher v. Saul*, 830 F. App'x 476, 478 (7th Cir. 2020) ("The ALJ's rationale here was thin, but it was adequate to reflect her conclusion that the objective medical evidence and Lacher's daily activities did not corroborate his subjective symptoms."); *Atkins v. Saul*, 814 F. App'x 150, 155 (7th Cir. 2020) ("Here, the ALJ otherwise explained his conclusion adequately. He explained that the objective medical evidence and Atkins's daily activities did not corroborate his subjective symptoms.").

## CONCLUSION

Accordingly, for all the reasons set forth above, Claimant's Brief in Support of Reversing the Decision of the Commissioner of Social Security [ECF No. 11] is denied, and the Commissioner's Motion for Summary Judgment [ECF No. 19] is granted. The decision of the Commissioner is affirmed, and this case is closed.

It is so ordered.

_____

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: September 30, 2025

21